UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

McKESSON CORP., ET AL.,

Plaintiffs,

v.

HEALTH ROBOTICS, S.R.L.,

Defendant.

_________________________________/

Case No. C-11-00728 JCS

**ORDER GRANTING MOTION TO SET ASIDE JUDGMENT [Docket No. 30]**

## I. INTRODUCTION

Plaintiffs McKesson Corporation and McKesson Automation, Inc. ("McKesson") bring a Motion to Set Aside Judgment ("Motion" or "Motion to Set Aside Judgment") asking the Court to set aside the judgment it entered in this action after it granted a motion to dismiss ("Motion to Dismiss") by Defendant Health Robotics, S.R.L. ("Health Robotics") on the basis that McKesson's claims were subject to arbitration under a licensing agreement between the parties. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED. The Court **vacates** the motion hearing set for **January 6, 2012 at 9:30 a.m.**

United States District Court
For the Northern District of California

## II. BACKGROUND

### A. The Complaint[1]

On August 7, 2009, McKesson entered into an Exclusive Licensing, Manufacturing, Services and Distribution Agreement ("License Agreement") with Health Robotics in which Health Robotics purported to give McKesson an exclusive license to manufacture and distribute its CytoCare product in the United States and Canada for a term of up to five years. Complaint, ¶ 1 & Ex. A (License Agreement). McKesson alleges that it spent several million dollars in licensing fees and manufacturing, engineering and marketing costs in connection with the license. *Id.*, ¶ 21. McKesson further alleges that in November 2010, it discovered that Health Robotics did not have the authority to grant McKesson exclusive rights to CytoCare because another Italian company owned a significant percentage of the essential software for that product and intended to exploit its rights in North America. *Id.* ¶¶ 25-26. Consequently, McKesson initiated the instant action, asserting claims for rescission of the License Agreement and unfair business practices under California's Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code §§ 17200 et seq.

In the Complaint, McKesson requested the following remedies: 1) entry of an order declaring that Health Robotics obtained McKesson's consent to the License Agreement through fraud and that McKesson is entitled to rescind the License Agreement; 2) restitution; 3) an accounting; 4) attorneys' fees and costs; 5) entry of an order imposing a constructive trust on Health Robotics; and 6) any other equitable remedies the Court deems proper.

### B. The Motion to Dismiss

In the Motion to Dismiss, Health Robotics asserted that McKesson's claims were subject to arbitration pursuant to the arbitration provision in the License Agreement. According to Health Robotics, that provision contained only a narrow exception to the arbitration requirement for equitable claims seeking injunctive relief (and not money damages) arising out of disputes related to intellectual property rights. McKesson, on the other hand, argued in its opposition brief that the

[1] In its July 26, 2011 Order ("the July 26 Order"), the Court provided a detailed summary of the allegations in the Complaint. Therefore, the Court provides here only a brief overview of the complaint.

United States District Court
For the Northern District of California

provision exempted from arbitration *any* claim for equitable relief and therefore, that the Court should deny the Motion to Dismiss. McKesson did not address whether its claims could be amended to bring them within the scope of the arbitration provision as it was construed by Health Robotics.

In its July 26 Order, the Court found that the License Agreement required arbitration of all of the claims asserted by McKesson in its complaint and granted the motion to dismiss on that basis, vacating the scheduled hearing on the motion. On August 2, 2011, the Court entered judgment in favor of Health Robotics ("the August 2 Judgment").

**C. The Motion to Set Aside Judgment**

In the Motion to Set Aside Judgment, McKesson asks the Court to vacate the August 2 Judgment pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure so that it can amend the Complaint to assert claims that are exempt from arbitration under the arbitration clause in the License Agreement, as that provision has been interpreted by the Court. Motion at 4. McKesson cites *Foman v. Davis*, 371 U.S. 178 (1962) in support of its contention that Rule 59(e) is the proper procedural vehicle for allowing it to amend its complaint. *Id*. McKesson further cites the standard for allowing amendment under Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend should be "freely given" unless amendment will result in undue prejudice to the opposing party or will be futile. *Id*. (citing *Smith v. Pac. Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004)).

McKesson contends that leave to amend should be granted here because amendment is not futile and there has been no undue delay on McKesson's part. In particular, McKesson argues that it could amend its claims, consistent with the Court's July 26 Order, to state claims that are not subject to arbitration for the following reasons:

> A careful review of each of McKesson's claims and prayers for relief proves that at least some of McKesson's claims can indeed be amended to fit within the Court's interpretation of the Licensing Agreement's exception to arbitration. McKesson's second claim for relief, for example, is for rescission of contract due to failure of consideration. . . . As the Court recognized . . ., the third sentence of the Dispute Resolution provision states that either party may "'commenc[e] court proceedings seeking injunctive relief for DISPUTES related to Intellectual Property Rights.'" . . . In its second claim for relief, McKesson alleges that the consideration Health Robotics purported to grant it — namely, a license to certain intellectual property rights, including software — utterly failed (or never passed to McKesson) for reasons that are currently under seal. . . . This "dispute" is, thus,

United States District Court
For the Northern District of California

> unquestionably "related to Intellectual Property Rights." . . . Further, McKesson's Complaint could easily be amended to seek "injunctive relief." McKesson could, for example, amend the Complaint to seek an order enjoining Health Robotics from enforcing any provision of the Licensing Agreement that survives termination of the contract because the agreement was induced by fraud or the consideration, i.e. the license to intellectual property, failed to pass to McKesson.
>
> An amended complaint can also focus solely on what Health Robotics dubbed McKesson's "cancellation claims," and need not request return of the money McKesson paid to Health Robotics. Even Health Robotics conceded that McKesson "could only litigate its cancellation claims here, while still having to arbitrate its monetary claims." . . . Amendment, therefore, is not futile.

*Id*. at 5-6 (citations omitted).

Health Robotics opposes the Motion to Set Aside Judgment, asserting that McKesson has not met the high standards for setting aside a judgment that are set forth in Rules 59and 60 of the Federal Rules of Civil Procedure. Opposition at 2. Under Rule 59, Health Robotics asserts, a judgment should be set aside only when the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law – circumstances that don't not exist here. *Id.* at 3. Rule 60 also does not apply, Health Robotics contends, because McKesson has not shown that any of the grounds for setting aside a final judgment set forth in that rule, including "mistake, inadvertence, or excusable neglect," "newly discovered evidence" and "fraud," exist here. *Id*. at 4. Furthermore, Health Robotics argues, amendment would be futile because: 1) the arbitration provision in the License Agreement is ambiguous as to whether it covers the claims McKesson now seeks to assert and therefore, those claims are subject to arbitration; 2) the claims McKesson seeks to litigate in this Court are duplicative of the counterclaims it has asserted in the arbitration that is underway in Geneva, Switzerland ("the Geneva Arbitration"); and 3) McKesson might "slip in a compensatory damages claim in its proposed amended complaint," raising the possibility of a double recovery. *Id*. at 6-8.

## III. ANALYSIS

Within 28 days after the entry of judgment, a litigant may file a motion to "alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure. Further, Rule 60(b) provides that the Court may set aside a final judgment for the following reasons:

United States District Court
For the Northern District of California

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In *Foman v. Davis*, the Supreme Court addressed the question of when a judgment should be vacated where a plaintiff requests leave to amend her complaint. In that case, the plaintiff brought a motion to vacate judgment and amend her complaint after the district court entered judgment against her on the basis that her complaint failed to state a claim. 371 U.S. 178, 179 (1962). The plaintiff did not identify a particular rule of the Federal Rules of Civil Procedure in support of her motion to vacate. *Id*. Before the district court had ruled on the motion to vacate, the plaintiff filed a notice of appeal on the judgment. *Id*. Subsequently, the district court denied the motion to vacate and the plaintiff filed another notice of appeal as to that order as well. *Id*. The court of appeals found that the motion to vacate was asserted under Rule 59(e) rather than Rule 60 because Rule 59(e) suspends the running of time within which the appeal may be perfected. *Id*. The court of appeals went on to find that the first notice of appeal (having been filed before the district court ruled on the motion to vacate) was of no effect, and that the second notice of appeal only referenced the denial of the motion to vacate and did not reference the judgment. *Id*. On that basis, the court of appeals "held that there was nothing in the record to show the circumstances which were before the [d]istrict [c]ourt for consideration in ruling on those motions; consequently it regarded itself as precluded from finding any abuse of discretion in the refusal of the court below to allow amendment." *Id*.

The Supreme Court in *Foman v. Davis* rejected the reasoning of the court of appeals. *Id*. Although it held that the court of appeals' treatment of the motion to vacate as one under Rule 59(e)

United States District Court
For the Northern District of California

was "permissible," it went on to hold that the court had erred in reading the second notice of appeal so narrowly without considering the content of the first notice. *Id*. at 181. The Court found that it was "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Id*. The Court went on to address whether the district court abused its discretion by denying the plaintiff's request that it vacate the judgment in order to allow her to amend her complaint. *Id*. at 182. The Court found that it had, looking to the standard set forth in Rule 15 of the Federal Rules of Civil Procedure. *Id*. In particular, the Court reasoned as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id*. at 182.

Under the standard articulated in *Foman v. Davis,* McKesson should be afforded an opportunity to amend its complaint. First, there has been no undue delay on McKesson's part in requesting that the Court set aside judgment. McKesson filed the Motion within 28 days of entry of judgment, as required under Rule 59(e); indeed, Health Robotics does not contend that there has been any undue delay. Second, although McKesson did not suggest in its Opposition to the Motion to Dismiss that its claims could be saved by amendment, there is nothing in the original Complaint that persuades the Court that amendment would be futile. McKesson's claims are based on the validity of the License Agreement and therefore may be based on "disputes related to intellectual property rights." *See* License Agreement, Section 30. Nor is there a reasonable basis for concluding that McKesson will be unable to assert claims for injunctive relief. Accordingly, the Court concludes that McKesson may be able to amend its complaint to assert claims that are exempt from arbitration under the License Agreement.

United States District Court
For the Northern District of California

Health Robotics' arguments in support of its position that amendment is futile are not persuasive. First, Health Robotics has not explained why McKesson could not frame its claims so that they clearly fall outside of the ambit of the arbitration provision, thus avoiding any ambiguity that would require that those claims be submitted to arbitration. Second, Health Robotics' suggestion that McKesson may "slip in" a claim for compensatory damages, thus allowing for double recovery, does not justify denying McKesson's Motion. The Court is confident that should McKesson include such a claim in its amended complaint, Health Robotics will promptly bring the matter to the attention of the Court. Finally, the Court finds unpersuasive Health Robotics' assertion that amendment would be futile because the claims asserted by McKesson in this action may overlap with its counterclaims in the Geneva Arbitration. Health Robotics has cited no authority for the proposition that a claim that would otherwise be exempt from an arbitration provision should be dismissed on the basis that it has been asserted as a counterclaim in a pending arbitration.[2]

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Clerk is instructed to set aside the judgment that was entered in this case on August 2, 2011. McKesson shall be permitted to file an amended complaint on or before January 31, 2012. The Court sets a case management conference for March 16, 2012 at 1:30 p.m. The parties shall file a joint case management statement one week in advance of the case management conference.

IT IS SO ORDERED.

Dated: December 22, 2011

JOSEPH C. SPERO
United States Magistrate Judge

[2]The parties have not addressed – and the Court does not decide – whether the potential for inconsistent results might warrant the imposition of a stay of the instant litigation should McKesson amend its Complaint to assert claims that are not *required* to be arbitrated but have, in fact, been asserted in the pending arbitration.